Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| FERNANDO A. PACHECO TEJADA DE POR SI Y EN REPRESENTACION DE LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR EL Y SU ESPOSA Y OTROS<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br><br>Apelados | KLAN202200894 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil número: SJ2021CV06006<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la jueza Birriel Cardona, y el juez Bonilla Ortiz y el juez Pagan Ocasio.

**Birriel Cardona, Jueza Ponente**

# S E N T E N C I A

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece Fernando A. Pacheco, de por sí y en representación de la Sociedad Legal de Gananciales compuesta por él y su esposa Cristina Guzmán Marte (en adelante, "parte apelante" o "apelantes") y nos solicitan que revisemos una *Sentencia* emitida y notificada el día 1 de septiembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI").

Por los fundamentos que expondremos a continuación, se **REVOCA** la *Sentencia* apelada.

**-I-**

Los hechos que motivan el recurso de epígrafe se originan el 16 de septiembre de 2021 cuando la parte apelante entabló una

demanda sobre daños y perjuicios.[1] En síntesis, alegó que el 17 de enero de 2021 sufrió una caída debido a que su motora resbaló en gravilla como consecuencia de que la Autoridad de Acueductos y Alcantarillados (AAA) reparó un tubo roto y en lugar de echar brea para tapar el hoyo, lo cubrió con tierra y piedras por lo que alegó que se creó una situación de peligro. Además, añadió que después de resbalar en la gravilla cayó en un hoyo cercano lastimándose manos, codos, cara, cuello y cabeza. Así las cosas, ese mismo día fue al Hospital Doctors Hospital de Santurce donde le dieron medicamentos y le realizaron estudios que revelaron que tenía fracturas de hueso en la órbita del ojo derecho y en sus dos codos. A renglón seguido, alegó que, el Doctor que lo atendió lo refirió a un maxilofacial pero no a un ortopeda por lo que no pudo operarse de su fractura de los codos a tiempo. El apelante argumenta que no advino en conocimiento hasta que, al continuar el dolor, decidió ir a IPA de Santurce (Health Pro Med) donde al examinarlo resultó con fracturas en su muñeca derecha y ambos codos. Ante esto, alegó que lo refirieron a un ortopeda que le expresó que ya no podía operarlo de sus fracturas porque había pasado mucho tiempo del accidente.

Por último, solicitó $100,000.00 por los daños y perjuicios causados como consecuencia del incidente y $15,000.00 por las angustias mentales sufridas por el demandante como consecuencia del incidente.

El 24 de marzo de 2022, la parte apelada presentó Moción en Solicitud de Orden en torno a la Administración de Compensación por Accidentes de Automóviles, mediante la cual solicitaron una orden dirigida a la parte apelante para que, en un

---

[1] Apéndice de la Apelación, págs. 1-3

término de diez días, informaran el estado procesal del caso ante la ACAA, si alguno, y acreditaran el cumplimiento con el requisito de la notificación de la Demanda a ACAA, según lo dispone la ley.[2] El 25 de marzo de 2022, el TPI declaró con lugar la solicitud de orden antes mencionada.[3]

El 14 de abril de 2022, el Municipio de San Juan y Optima Seguros, Inc. (en adelante "Apelados" o "parte apelada") presentaron una moción de desestimación. [4]  En síntesis, solicitaron la desestimación sin perjuicio de la demanda por haber la parte apelante incumplido con el requisito de notificación de la demanda a la ACAA, según lo exige la sección 7(B) de la Ley de Protección Social por Accidentes de Vehículos de Motor.

El 22 de abril de 2022, el TPI le impuso a la parte apelante una sanción por $50.00 por su incumplimiento con la notificación de la demanda a ACAA y por incumplir con la orden de así hacerlo[5]. También, le dio 10 días perentorios para pagar la sanción y cumplir con lo ordenado so pena de desestimación.

El 12 de mayo de 2022, la parte Apelante presentó su Oposición a Desestimación.[6] En síntesis, arguyó que no se habían percatado de la orden, ni de la sanción por lo que al recibir la moción de desestimación cumplieron con la orden. Por lo tanto, solicitaron que se denegara la moción de desestimación por ser académica. El mismo día, 12 de mayo de 2022, la parte apelada presentó su contestación a la demanda.[7] En síntesis, se opuso a los reclamos del apelante y solicitó al TPI que desestimara con perjuicio la causa de acción.

---

[2] Apéndice de Alegato de las partes Apeladas, págs. 1-5
[3] Id. pág. 6
[4] Apéndice de la Apelación, págs. 4-5
[5] Id. pág. 6
[6] Id. págs. 9-12
[7] Id. págs. 13-21

Tras varios trámites procesales, los apelados presentaron una demanda contra tercero contra la AAA.[8] En la misma, argumentaron que en caso de que se dicte en su día sentencia en contra de los apelados, condene a AAA a indemnizar total o parcialmente a la parte apelante debido a la alegación de la parte apelante sobre la creación de una situación de peligro al realizar un trabajo de reparar un tubo roto de la AAA. El 14 de junio de 2022, el TPI declaró ha lugar la Demanda contra tercero.[9]

Así las cosas, el 15 de junio de 2022, el TPI ordenó nuevamente a la parte apelante a presentar la resolución firme y ejecutoria de la administración, (ACAA) so pena de desestimación.[10] Ante este panorama, la parte apelante sometió una moción solicitando tiempo adicional.[11] En esta, argumentó que la División Legal de la ACAA le habían prometido entregarle la resolución, pero cuando llamó le mencionaron que la empleada que trabajaba con la resolución faltó al trabajo. Por lo tanto, solicitó diez (10) días adicionales para proveer dicha resolución.

El 5 de julio de 2022, la parte demandante sometió una moción de reconsideración.[12] En síntesis, argumentó que nunca recibió tratamiento de la ACAA por lo que esta no había incurrido en ningún gasto. Posteriormente, el 7 de julio de 2022, presentó una moción donde sometió prueba documental en la que incluyó un correo electrónico que recibió de la división legal de ACAA, en la cual indicaban que estaban llevando a cabo una búsqueda en el sistema para determinar si la apelante tenía algún caso radicado en la ACAA. Ante esto, la parte apelante presentó una Moción en cumplimiento de orden en la cual anejó un correo electrónico de

---

[8] Id. págs. 26-28
[9] Id. pág. 29
[10] Id. pág. 30
[11] Id. págs. 31-32
[12] Id. págs. 33-36

la división legal de ACAA en el cual le indicaban que después de la búsqueda en el sistema de ACAA, no aparecía que la parte apelante hubiera radicado un caso en la ACAA.[13]

Así las cosas, mediante orden del 8 de agosto de 2022, el TPI emitió una orden indicando que la moción de cumplimiento de orden no cumplió con lo ordenado.[14] Ese mismo día emitió otra orden en la que le dio a la parte apelante diez (10) días más para informar la fecha del último servicio y/o tratamiento médico recibido por el apelante.[15]

El 1 de septiembre de 2022, el TPI dictó sentencia desestimando el presente caso bajo la Ley Núm. 111-2020, Ley de Protección Social por Accidente de Vehículo de Motor, por entender que era prematura la demanda.[16]

El TPI basó su decisión en la nueva legislación, Ley Núm. 111, supra, al establecer que ésta estableció una acción de subrogación de la ACAA en los derechos de un lesionado o sus beneficiarios para entablar una acción judicial contra terceros responsables del accidente.

Así las cosas, el TPI citó la Exposición de Motivos de dicha ley que lee como sigue:

> "Establece la acción de subrogación de la ACAA en los derechos de un lesionado o sus beneficiarios a entablar una reclamación judicial por daños y perjuicios contra terceros responsables del accidente tal como se le concede a la Corporación del Fondo del Seguro del Estado." Énfasis suplido.

De igual manera, basó su decisión en lo dispuesto en el Art. 7 (A)(4)(c) de la susodicha Ley:

> "El lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren contra el tercero responsable de los danos,

---

[13] Id. págs. 37-38
[14] Id. págs. 45
[15] Id. págs. 46
[16] Id. págs. 51-52

hasta después de transcurridos noventa (90) días a partir de la fecha en que la resolución de la administración fuere firme y ejecutoria."

Ante este panorama, el TPI entendió relevante para la disposición del caso lo resuelto por nuestro Tribunal Supremo en *Saldaña Torres v Municipio de San Juan*, 198 DPR 934 (2017), en cuanto a la acción de subrogación de la CFSE y los términos dispuestos para que el obrero pueda presentar su causa de acción en daños contra un tercero. Nuestro Tribunal Supremo en este caso resolvió que "una acción presentada por un obrero lesionado que ha acudido al Fondo antes que transcurran los noventa días de ser firme la decisión del Administrador del Fondo es prematura".

En desacuerdo con la referida *Sentencia*, los apelantes solicitaron —sin éxito— su reconsideración, la cual fue declarada no ha lugar.[17] Aún inconformes, los apelantes acudieron ante nos mediante el recurso de título y señalaron los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EXIGIRLE A LA PARTE APELANTE QUE PRODUZCA UNA RESOLUCIÓN DE LA ACAA QUE FUERE FIRME Y EJECUTORIA SO PENA DE DESESTIMACIÓN CUANDO EL APELANTE NUNCA RECURRIÓ A LA ACAA PARA RECIBIR TRATAMIENTO, POR LO TANTO, ERA IMPOSIBLE QUE EL APELANTE PUDIERA PRESENTAR LA RESOLUCIÓN QUE ESTABA ORDENANDO EL HONORABLE TRIBUNAL DE INSTANCIA.

El 13 de diciembre de 2022, la parte apelada y tercero demandado presentó su alegato. El 15 de diciembre de 2022, la parte apelada presentó su alegato en oposición. Tras recibir el mismo, decretamos perfeccionado el recurso, por lo que procedemos con su adjudicación.

---

[17] Id. págs. 54-57

**-II-**

**-A-**

El Artículo 1536 del Código Civil de Puerto Rico de 2020, 31 LPRA § 10801, dispone que "la persona que por culpa y negligencia causa daño a otra, viene obligada a repararlo". Para que prospere una reclamación por daños y perjuicios al amparo del referido precepto legal, se requiere la concurrencia de tres elementos, los cuales tienen que ser probados por la parte demandante: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Nieves Díaz v. González Massas*, 178 DPR 820 (2010). El daño constituye el menoscabo material o moral que sufre una persona, ya sea en sus bienes vitales naturales, en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra persona. En nuestro ordenamiento jurídico se reconoce la existencia de dos tipos de daños: los especiales, que pueden ser daños físicos, patrimoniales, pecuniarios o económicos, y los generales, conocidos como daños morales. *Nieves Díaz v. González Massas, supra*.

**-B-**

La Ley Núm. 111-2020, 9 LPRA sec. 3161, *et seq*., mejor conocida como la Ley de Protección Social por Accidentes de Vehículos de Motor se adoptó con el propósito de atemperar a tiempos vigentes las disposiciones de la derogada Ley Núm. 138 de 26 de junio de 1968, según enmendada. El objetivo de esta medida es proveer un seguro obligatorio y compensar a los asegurados por accidentes de tránsito, ya sea por daños corporales, enfermedad o muerte que surja como consecuencia

del accidente. Mediante la aprobación de este estatuto, se reconoció la existencia e importancia de la ACAA, por lo que se propicia la agilidad y modernización de dicha institución, con el fin de proveer servicios de calidad y promover la prevención de accidentes de vehículos de motor.

En lo pertinente, el Art. 7 de la Ley Núm. 111-2020, 9 LPRA sec. 3167, dispone lo siguiente:

> *La Administración tendrá derecho a ser indemnizada solidariamente por la persona responsable del accidente o por el titular registral del vehículo de motor conducido por el responsable del accidente por todos los gastos en que incurra la Administración en relación con dicho accidente si los daños fueron causados:*
> *a. intencionalmente;*
> *b. por una persona que sin ser conductor o lesionado provoca un accidente;*
> *c. por un conductor involucrado en un accidente que no se detiene inmediatamente y abandona el lugar del accidente;*
> *d. por el desprendimiento de objetos cargados en aditamentos o accesorios instalados en el vehículo de motor, o por el desprendimiento de aditamentos o accesorios agregados al vehículo de motor que no sean de fábrica, tales como, y sin que se considere una limitación, canastas de carga o portabicicletas, portamaletas o porta kayaks; o*
> *e. en todos los casos contemplados en el Artículo 6 de exclusiones de cubierta.*

La ACAA tendrá derecho a ser indemnizada por todos los gastos incurridos en relación con accidentes. Para ello, el inciso (A)(4) del Art. 7 de la Ley Núm. 111-2020, *supra*, le reconoce a la ACAA una acción de subrogación en los derechos de un lesionado o sus beneficiarios. En otras palabras, la ACAA posee el derecho de presentar una reclamación judicial por daños y perjuicios **contra terceros**, siempre y cuando ésta tenga la obligación de compensar a un lesionado o sus beneficiarios. Se trata de uno de los cambios fundamentales incluídos en el precitado estatuto, pues se le otorga a la ACAA una facultad que no poseía bajo la legislación anterior. Según reconoce la propia

ley, es un procedimiento análogo al concedido a la Corporación del Fondo del Seguro del Estado. Por consiguiente, "el lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios **del tercero responsable de dicha lesión**, enfermedad, incapacidad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por la Administración".

La acción de subrogación se rige por el siguiente procedimiento:

*a. Cuando un lesionado, o sus beneficiarios en casos de muerte, tuvieren derecho a entablar acción por daños **contra terceros**, en los casos en que la Administración, de acuerdo con los términos de esta Ley, estuviere obligado a compensar en alguna forma o a proporcionar tratamiento, la Administración se subrogará en los derechos del lesionada o de sus beneficiarios, y podrá entablar procedimientos **en contra del tercero** en nombre del lesionado o de sus beneficiarios, dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria, y cualquier cantidad que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso, se entregará al lesionado o a sus beneficiarios con derecho a la misma. El lesionado o sus beneficiarios serán parte en todo procedimiento que estableciere la Administración bajo las disposiciones de esta Ley, y será obligación de la Administración notificar por escrito al lesionado o sus beneficiarios de tal procedimiento dentro de los cinco (5) días laborables de iniciada la acción.*

*b. Si la Administración dejare de entablar demanda **contra la tercera persona responsable**, según se ha expresado en el párrafo anterior, el lesionado o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin*

*que vengan obligados a resarcir a la Administración por los gastos incurridos en el caso.*

*c. El lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren **contra el tercero responsable de los daños**, hasta después de transcurridos noventa (90) días a partir de la fecha en que la resolución de la Administración fuere firme y ejecutoria.*

Por su parte, el inciso B del Art. 7 de la Ley Núm. 111-2020, *supra*, provee que la ACAA tendrá derecho a intervenir "**en todo caso en que se solicite ante los tribunales indemnización a base de la aplicación del principio de negligencia**, por razón de daños o lesiones por los cuales se proveyeron beneficios bajo esta Ley". En tales instancias, la parte demandante deberá notificar a la ACAA copia de la demanda, y deberá incluirse el número de caso de su reclamación como parte del epígrafe o en una de las alegaciones de la demanda. Si se incumple con lo anterior, el tribunal le concederá a la parte apelante un término no menor de treinta (30) días para subsanarlo. De no cumplir con ello, se desestimará, sin perjuicio, de la reclamación.

### -III-

En el caso de autos, la parte apelante sufrió un accidente en el que alega sufrió daños debido a la negligencia de la parte apelada. Así las cosas, decidió presentar su acción de daños y perjuicios ante el TPI. Tras varios trámites procesales, el TPI desestimó la demanda ante la negativa de la parte apelante de no entregar una resolución final y firme de parte de ACAA o informar el último servicio médico recibido ante la agencia. Ante el incumplimiento de esta orden, el TPI entendió que la acción era prematura. Adelantamos que no le asiste la razón.

Si bien es cierto que La Ley Núm. 111-2020, supra, en su exposición de motivos establece la creación de una acción de subrogación para la ACAA similar a la de la Corporación del Fondo del Seguro de Estado en casos donde un tercero con negligencia haya causado daños, esto no significa que un demandante que haya decidido no recurrir a ACAA en primera instancia se quedara desprovisto de remedio alguno.

De igual manera, el Art. 7 (A)(4)(c) de dicha Ley establece el término de noventa (90) días en el cual ningún lesionado podrá entablar una demanda contra un tercero hasta que la Resolución de la ACAA sea final, firme y ejecutoria.

Es importante distinguir los hechos del caso ante nos con los de *Saldaña Torres v Municipio de San Juan,* supra. En *Saldaña,* a diferencia del presente caso*, los* empleados si presentaron sus reclamaciones ante el CFSE. Por lo tanto, nuestro Tribunal Supremo al tomar en cuenta la acción de subrogación y los términos dispuestos en la ley determinó que la acción de los empleados era prematura. En el caso ante nos, la parte apelante nunca comenzó una acción ante la ACAA e incluso anejo Certificación de No deuda con la ACAA, por lo que dicha agencia no iba a tener interés en subrogarse.

Después de un análisis del expediente y de la legislación aplicable, entendemos que en ningún momento dicha legislación establece que una persona que sufrió daños tiene que recurrir de manera obligatoria a la ACAA y no puede acudir en primera instancia al TPI. Si el legislador hubiese querido limitar la jurisdicción de este Honorable Tribunal así mismo lo hubiera expresado. En ausencia de expresión del legislador al respecto, entendemos que el agraviado debe tener la libertad de acudir al foro que entienda correcto, como ocurrió en este caso.

Por lo tanto, entendemos que el TPI erró al desestimar por prematura la acción de la parte apelante. No cabe duda, que el TPI ordenó a la parte apelante a cumplir con lo imposible, y que esta actuó conforme a derecho.

### -IV-

Por los fundamentos antes expuestos, se **REVOCA** la *Sentencia* apelada y se ordena a cumplir con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Bonilla Ortiz disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones