Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MIGUEL A. ANDINO VÉLEZ<br><br>Demandante-Apelado<br><br>v.<br><br>SOUTH AMERICAN RESTAURANTS CORP. h/n/c CHURCH'S CHICKEN; TRIPLE S; TRAMPAS DE GRASA; BIO SYSTEM INTERNATIONAL.; COMPAÑÍA ASEGURADORA XYZ<br><br>Demandados-Apelados<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Interventora-Apelante | KLAN202400855 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AG2022CV00499<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de octubre de 2024.

Comparece la Corporación del Fondo de Seguro del Estado (CFSE o la Apelante) y solicita la revocación de la *Sentencia Parcial* emitida y notificada el 3 de julio de 2024 por el Tribunal de Primera Instancia, Sala de Aguadilla (TPI o foro primario). Mediante la referida *Sentencia Parcial* el foro primario desestimó la *Demanda de Intervención y Demanda de Subrogación* presentada el 12 de abril de 2022, por la CFSE, en la que reclamó el pago de los gastos incurridos de forma preferencial, al amparo de la *Ley de Sistema de Compensaciones por Accidentes del Trabajo*, Ley Núm. 45 del 18 de abril de 1935, según enmendada, 11 LPRA sec. 1 *et seq.*

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia Parcial* apelada.

I

Los hechos que motivan la presentación del recurso de epígrafe se remontan al 31 de julio de 2021, fecha en que el Sr. Miguel Andino Vélez, empleado de Martín Brower Puerto Rico Inc. (Martín Brower o el patrono), sufrió un accidente en el trabajo al resbalar con grasa mientras descargaba mercancía en la rampa del establecimiento Church´s en el pueblo de Moca. Por estos hechos, el Sr. Miguel Andino Vélez, acudió a las facilidades de la CFSE, y presentó el caso número 21-23-02743. Este recibió tratamiento, fue compensado y posteriormente dado de alta, el 18 de noviembre de 2021. Además, se le otorgó una incapacidad de seis por ciento (6%) de sus funciones fisiológicas generales. El **14 de diciembre de 2021**, la Oficina Regional de Bayamón de la CFSE emitió notificación al Sr. Miguel Andino Vélez y a su patrono de la *Decisión del Administrador sobre Tratamiento Médico,* así como de la *Decisión del Administrador Sobre Incapacidad Parcial Permanente.*[1]

Así las cosas, el 11 de abril de 2022, el Sr. Miguel Andino Vélez, tras recibir tratamiento en la CFSE por el accidente laboral, presentó ante el foro primario Demanda en Daños y Perjuicios en contra de South American Restaurants Corp. h/n/c Church's Chicken, la compañía aseguradora Triple S y **Bio Systems International, Inc.,** está última, empresa que se dedica a la limpieza de trampas de grasa en restaurantes y que para la fecha del accidente del Sr. Miguel Andino Vélez, tenía contrato con Church's Chicken.[2] En esencia, el Sr. Miguel Andino Vélez alegó en la Demanda que el accidente por el que recibió tratamiento ocurrió el 31 de julio de 2021, mientras entregaba mercancía en el

---

[1] *Véase* páginas 11-12 del Apéndice de la *Apelación.*
[2] *Véase* páginas 13-20 del Apéndice de la *Apelación.*

restaurante Church's en el pueblo de Moca. Que cuando descargaba el camión por la parte posterior del establecimiento patinó y resbaló por la grasa que había en la rampa de entrega proveniente de la descarga de una trampa de grasa.[3]

Asimismo, el 12 de abril de 2022, la CFSE presentó ante el TPI *Demanda de Intervención y Demanda Subrogación* al amparo de la *Ley de Sistema de Compensaciones por Accidentes del Trabajo*, Ley Núm. 45 del 18 de abril de 1935, según enmendada, 11 LPRA sec. 1 *et seq.* que provee para que la CFSE se subrogue en los derechos que pueda tener un obrero lesionado que recibió tratamiento en la CFSE por un accidente del trabajo, para reclamar daños a un tercero.[4] En ajustada síntesis, la CFSE alegó que como resultado del accidente que motivó la acción presentada por el Sr. Miguel Andino Vélez, este acudió a las facilidades de la CFSE, presentó el caso número 21-23-02743, recibió tratamiento, fue compensado y posteriormente dado de alta. Además, arguyó que se le otorgó al Apelante una incapacidad de seis por ciento (6%) de sus funciones fisiológicas generales. Cónsono con lo anterior, alegó la CFSE que la Decisión del Administrador de la CFSE de dar de alta al Sr. Miguel Andino Vélez fue oficialmente notificada el **14 de diciembre de 2021** y que tenía hasta el **13 de abril de 2022** para presentar la acción de intervención y de subrogación.

El 22 de mayo de 2024, Bio Systems International, Inc. (**Bio Systems o la Apelada**) presentó *Moción de Desestimación de Demanda de Intervención y Demanda Subrogación* ante el foro primario al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V. R.10.2.[5] Allí adujo que contrario a lo alegado por la CFSE , el Sr. Miguel Andino Vélez fue dado de alta el 18 de noviembre de

---

[3] *Véase* página 14 del Apéndice de la *Apelación.*
[4] *Véase* páginas 21-35 del Apéndice de la *Apelación*
[5] *Véase* páginas 36-45 del Apéndice de la *Apelación*

2021, por lo que la CFSE tenía hasta el 18 de marzo de 2022 para presentar *Demanda de Intervención y Demanda Subrogación.* A su solicitud de desestimación Bio Systems anejó la *Decisión del Administrador sobre Tratamiento Médico*, entregada personalmente al Sr. Miguel Andino Vélez el 18 de noviembre de 2021 y la *Decisión del Administrador sobre Incapacidad Parcial y Permanente* notificada el 14 de diciembre de 2021.[6]

Así las cosas, el 28 de mayo de 2024, la CFSE presentó *Oposición a Moción de Desestimación.*[7] En esencia, la CFSE señaló que la fecha del documento en la que se da el alta al Sr. Miguel Andino Vélez, que en este caso es el 18 de noviembre de 2021, **no constituye la notificación de la Decisión del Administrador que dio finalidad al proceso administrativo**. Razona la CFSE que conforme al Artículo 29 de la Ley de Compensaciones por Accidentes del Trabajo, 11 LPRA sec. 32, la **notificación que dio finalidad al proceso administrativo y a partir de la cual comenzó a decursar el término de noventa (90) días para el ejercicio de la acción de subrogación por parte de la CFSE, ocurrió el <u>14 de diciembre de 2021</u>**.[8] Sobre estos extremos la CFSE enfatizó que el término de noventa (90) días para el ejercicio de la acción de subrogación fue a partir del **14 de diciembre de 2021 debido a que en esa fecha fue que la Decisión advino final, firme y ejecutoria.**

No obstante, mediante *Sentencia Parcial* emitida y notificada el 3 de julio de 2024, el foro primario desestimó por prescripción la *Demanda de Intervención y Demanda Subrogación* presentada por la CFSE. Concluyó el TPI que el aludido término de noventa (90) días comenzó a decursar el 18 de noviembre de 2021, por ser esta la fecha en que el Sr. Miguel Andino Vélez fue dado de alta por el

---

[6] *Véase* páginas 10-12 del Apéndice de la *Apelación.*
[7] *Véase* páginas 45-54 del Apéndice de la *Apelación.*
[8] Véase páginas 11 y 12 del Apéndice de la Apelación.

Administrador de la CFSE y por ser esta la fecha en que este recibió personalmente la *Decisión del Administrador Sobre Tratamiento Médico.* Razonó además, el TPI que la entrega de copia personal de dicho documento al Sr. Miguel Andino Vélez, constituyó notificación suficiente para que comenzara a decursar el término de noventa (90) días dispuesto en el Artículo 29 de la *Ley de Compensaciones por Accidentes del Trabajo*, 11 LPRA sec. 32.

En desacuerdo, la CFSE presentó el recurso de epígrafe y como único señalamiento de error sostiene lo siguiente:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR LA ÚLTIMA DECISIÓN DEL ADMINISTRADOR SOBRE INCAPACIDAD PARCIAL PERMANENTE NOTIFICADA EL 14 DE DICIEMBRE DE 2024 COMO LA FECHA EN QUE COMIENZAN A CONTAR LOS TÉRMINOS PARA LA SUBROGACIÓN DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO.

**El 16 de octubre de 2021, compareció ante nos Bio Systems mediante *Alegato en Oposición a Apelación.*** En esencia, la Apelada sostiene que la *Decisión del Administrador sobre Tratamiento Médico* en la que se dio de alta definitiva al Sr. Miguel Andino Vélez fue emitida y entregada personalmente a este el 18 de noviembre de 2021, por lo que dicha entrega personal constituyó notificación suficiente para que comenzara a decursar el término de noventa (90) días dispuesto en el Artículo 29 de la *Ley de Compensaciones por Accidentes del Trabajo*, 11 LPRA sec. 32, para que la CFSE pudiera presentar su acción de subrogación. Razona Bio Systems que siendo el 18 de noviembre de 2021 la fecha en que la determinación es firme y ejecutoria, la CFSE solo tenía hasta el 18 de marzo de 2022 para presentar la acción de subrogación ante el foro primario, por tanto, al presentar la *Demanda de Intervención y Demanda Subrogación* el 12 de abril de 2022 ya su acción había prescrito.

## II

La *Ley del Sistema de Compensaciones por Accidentes del Trabajo,* Ley Núm. 45 de 18 de abril de 1935, según enmendada, (Ley Núm. 45), 11 LPRA Sec. 1 y ss. establece un sistema de seguro compulsorio y exclusivo para compensar a los obreros y empleados que sufran lesiones, se inutilicen o mueran como consecuencia de accidentes ocurridos en sus trabajos. *Ortiz Pérez v. F.S.E.,* 137 DPR 367, 372 (1994). Este se predicó sobre la base de una responsabilidad objetiva mediante la cual, independientemente de la negligencia o culpa del patrono por el accidente laboral, los empleados quedaban protegidos mediante una compensación adecuada y el tratamiento médico idóneo. Como parte de dicho sistema, por el pago de una prima de seguro, se le concedió al patrono inmunidad contra las acciones o remedios del empleado u obrero afectado. *Lebrón Bonilla v. Estado Libre Asociado,* 155 DPR 475 (2001); *Martínez Rodríguez v. Bristol Myers,* 147 DPR 383, 395 (1999); *Cortijo Walker v. Fuentes Fluviales,* 91 DPR 574, 579 (1964).

La Ley Núm. 45, *supra,* no provee para que el obrero lesionado reembolse a la CFSE los gastos de tratamiento médico y compensación en los que incurrió si el accidente está relacionado con el empleo. Le corresponde al Fondo asumir la responsabilidad de ofrecer tratamiento médico y compensar al obrero sin derecho a reembolso alguno, según dispone la ley. *Saldaña Torres et al. v. Mun. San Juan,* 198 DPR 934, 942-943 (2017), *Sevilla v. Municipio Toa Alta,* 159 DPR 684, 690 (2003). Sin embargo, Ley Núm. 45, *supra,* provee para que en aquellos casos en los que la lesión, enfermedad o muerte sufrida por el empleado en su lugar de trabajo

**sea imputable a un tercero**, tanto el obrero lesionado como el Administrador de la CFSE -subrogándose en los derechos del obrero por los servicios pagados- puedan reclamarle judicialmente a ese tercero responsable. *Id.*

En lo pertinente, el Art. 29 de la Ley Núm. 45, *supra*, dispone expresamente lo siguiente:

> En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este capítulo, le hubiere provenido bajo circunstancias que hicieren responsables a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:

> **Cuando un obrero o empleado lesionado, o sus beneficiarios en casos de muerte, tuvieren derecho a entablar acción por daños contra tercero, en los casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de este capítulo, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, <u>el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado</u>, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios, <u>dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria,</u>** y cualquier suma que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios con derecho a la misma. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que estableciere el Administrador bajo las disposiciones de esta sección, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

> Si el Administrador dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso.

El obrero o empleado lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren contra el tercero responsable de los daños, hasta después de transcurridos noventa días a partir de la fecha en que la resolución del Administrador del Fondo del Seguro del Estado fuere firme y ejecutoria. (Énfasis suplido). 11 LPRA sec. 32.

III

Tras un análisis objetivo y cuidadoso de la Sentencia Parcial apelada, los documentos que se incluyeron con esta y los escritos presentados por las partes, resolvemos que incidió el foro primario al desestimar por prescripción la *Demanda de Intervención y Demanda de Subrogación* presentada el 12 de abril de 2022, por la CFSE.

Conforme a lo dispuesto en el Artículo 29 de la Ley Núm. 45, *supra,* 11 LPRA sec.32, la **notificación que dio finalidad al proceso administrativo y a partir de la cual comenzó a decursar el término de noventa (90) días para el ejercicio de la acción de subrogación por parte de la CFSE ocurrió el <u>14 de diciembre de 2021</u>. Fue en esa fecha que la Decisión del Administrador Sobre Tratamiento Médico advino final, firme y ejecutoria, <u>al ser notificada a la parte lesionada, al abogado (si aplica) y al patrono, con advertencia del derecho a apelar ante la comisión Industrial y el término dispuesto para ello</u>. Como consecuencia de ello, la CFSE tenía hasta el 13 de abril de 2022 para instar la acción de subrogación**

La entrega de copia personal de dicho documento al Sr. Miguel Andino Vélez, **no constituyó <u>notificación suficiente</u> para que comenzara a decursar el término de noventa (90) días** conforme lo dispuesto en el Artículo 29 de la *Ley de Compensaciones por Accidentes del Trabajo*, 11 LPRA sec. 32, **ya que esta no era firme y ejecutoria.**

El 12 de abril de 2022, la CFSE presentó ante el TPI la *Demanda de Intervención y Demanda Subrogación* por lo que es

forzoso concluir que su presentación fue oportuna y que incidió el foro primario al computar el término de noventa (90) días a partir del 18 de noviembre de 2021 fecha en que el Administrador de la CFSE le dio el alta al Sr. Miguel Andino Vélez. La CFSE tiene derecho a recobrar, mediante la **acción de subrogación presentada oportunamente**, los daños que compensó o los gastos en los que incurrió en el tratamiento del obrero, relacionados con el accidente de trabajo.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, revocamos la Sentencia parcial emitida por el foro primario que desestimó por prescripción la *Demanda de Intervención y Demanda* Subrogación presentada por la CFSE el 12 de abril de 2022.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones