ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOAQUÍN MARTÍNEZ VIGUIE Y OTROS<br><br>Demandante-Recurridos<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO VICTORIA PLAZA Y JUNTA DE DIRECTORES DEL CONSEJO DE TITULARES DEL CONDOMINIO VICTORIA PLAZA Y OTROS<br><br>Demandados-Peticionarios | KLCE202500052 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2024CV07875<br><br>Sobre:<br>Daños por Vicios de Construcción y otros |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2025.

Comparecen el Consejo de Titulares y la Junta de Directores del Condominio Victoria Plaza ("el Consejo de Titulares" o "los demandados-peticionarios", conjuntamente) mediante una *Petición de Certiorari*. Nos solicitan la revisión de la *Resolución* emitida y notificada el 18 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("el foro primario" o "el foro *a quo*"). En virtud del referido dictamen, el foro primario declaró *No Ha Lugar* la *Moción de Desestimación* presentada por los demandados-peticionarios al amparo de la Regla 10.2 de Procedimiento Civil. Así dictaminado, resolvió que surge de las alegaciones levantadas por los demandantes que en septiembre del año 2023 todavía subsistían los daños producto de la filtración.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

### I.

El 31 de agosto de 2024, la señora Cecilia M. Sifre Rivera, el señor Joaquín Martínez Viguie y la Sociedad Legal de Gananciales compuesta por ambos ("los demandantes-recurridos" en lo sucesivo) instaron una *Demanda*

*Enmendada* en daños y perjuicios en contra del Consejo de Titulares y la Junta de Directores del Condominio Victoria Plaza y la Aseguradora XYZ.[1] En ajustada síntesis, alegaron que la parte demandada incurrió en inacción, negligencia y omisión en la reparación de una tubería comunal. Al respecto precisaron que durante un evento de lluvias en el mes de septiembre de 2023 corroboraron que las filtraciones que ocurrían en su apartamento resultaban en consecuencia de una reparación efectuada el 24 de agosto de 2023.[2]

En respuesta a tales alegaciones, el 10 de noviembre de 2024, el Consejo de Titulares sometió una *Moción en Solicitud de Desestimación.*[3] En esencia, señaló que los demandantes no realizaron las acciones oportunas extrajudiciales para evitar la prescripción de la reclamación presente. Reconoció que por su parte llevo a cabo una serie de gestiones de mantenimiento de la tubería comunal. Luego de ese proceso, sostuvo que los demandantes le remitieron una comunicación el 7 de junio de 2023 en la cual le indicaron que las aguas de las filtraciones le estaban causando daños a su propiedad. A base de tales hechos, argumentó que estos tenían hasta el 7 de julio de 2024 para presentar su *Demanda.* Enfatizó también que la *Querella* radicada el 18 de agosto de 2023 por los demandantes ante el DACo no tuvo efecto interruptor, pues se limitaron a solicitar la reparación de la tubería comunal. En vista de ello, peticionó la desestimación de la acción judicial presente.

En respuesta a tales argumentos, el 17 de diciembre de 2024, los demandantes-recurridos presentaron una *Moción en Oposición a Moción en Solicitud de Desestimación.*[4] Reiteraron que posterior a la fecha de la reparación de la tubería comunal, entiéndase el mes de septiembre del año 2023, tras un evento de lluvias copiosas, advinieron en conocimiento de la existencia de una relación causal entre la reparación de la tubería comunal y las filtraciones de agua en su apartamento. **Especificaron que en ese**

---

[1] Apéndice de la parte peticionaria, págs. 6-10. Surge del expediente ante nos, que los demandante incoaron la *Demanda* original el 26 de agosto de 2024.
[2] Véase la alegación diecinueve (29) de la *Demanda Enmendada.*
[3] Apéndice de la parte peticionaria, págs. 11-23.
[4] Apéndice de la parte peticionaria, págs. 73-82.

**momento advinieron, a su vez, en conocimiento de quién es el responsable de los daños reclamados e identificaron todos los elementos necesarios para ejercer efectivamente la causa de acción.** Por tanto, puntualizaron que una vez se concluyó la inspección del 1 de agosto de 2024, decidieron presentar la *Demanda* en cuestión.

Luego de considerar las posturas de las partes, el 18 de diciembre de 2024, el foro primario emitió y notificó una *Resolución* en la cual declaró *No Ha Lugar* la desestimación peticionada por el Consejo de Titulares. En lo atinente a la controversia, dispuso el siguiente razonamiento judicial:

> Evaluado los escritos presentados por ambas partes y los autos del presente caso, de donde surge que la parte demandante alega que para el mes de septiembre de 2023 todavía persistían de alguna manera las filtraciones (daños), en estos momentos, se declara *No Ha Lugar*, la solicitud de desestimación por prescripción presentada por la parte demandada. En cuanto a la solicitud de desestimación por falta de una causa de acción que justifique la concesión de un remedio, evaluada la posición de ambas partes y los autos del presente caso, se declara *No Ha Lugar*. Podrá presentar su solicitud de sentencia sumaria una vez culmine el descubrimiento de prueba en el caso.

Inconforme, el 17 de enero de 2025, el Consejo de Titulares recurrió ante este Tribunal de Apelaciones mediante una *Petición de Certiorari*. En su recurso presentó el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE DEMANDADA, A PESAR DE QUE LAS PROPIAS ALEGACIONES DE LA DEMANDA SURGEN QUE LA RECLAMACIÓN ESTÁ PRESCRITA.

El 13 de febrero de 2025, los demandantes-recurridos presentaron su alegato en oposición. Perfeccionado el recurso y contando con la comparecencia de las partes, procedemos a resolver.

## II.

### A. Recurso de certiorari

Es norma reiterada que, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933, Ley de Recursos Extraordinarios, 32 LPRA

sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es absoluto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra,* permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En consonancia con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176.

En atención a los preceptos discutidos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). De manera similar, no debemos sustituir el criterio producto de la discreción judicial, salvo que se pruebe (1) una actuación con prejuicio o parcialidad; (2) craso abuso de discreción, o (3) una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 210. Así pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023).

Por último, es menester puntualizar que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 99. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. Íd. Por tanto, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. Íd. págs. 98-99.

### B. Desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil

En nuestro esquema procesal, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación

de la reclamación instada en su contra antes de contestarla cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020) (citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001)). A esos fines, la precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio**; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2.

En la evaluación de una solicitud desestimatoria, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008). Es menester destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

Una vez el juzgador analice ponderadamente que, de manera principal o en la alternativa, no existe remedio alguno en derecho, se encontrará en posición para decidir si desestima total o parcialmente una demanda. *Comisión v. González Freyre et al.*, 211 DPR 579, 615 (2023). Ahora bien, ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 570 (2001). Así pues, el tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

### C. *Prescripción extintiva*

Constituye norma reiterada que, la prescripción de las acciones es un asunto de derecho sustantivo, no procesal, que persigue "evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos." *García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 147 (2008). Véase, además, *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019). A esos fines, el Artículo 1189 del Código Civil de 2020, Ley Núm. 55-2020, 31 LPRA sec. 9481, según enmendada, establece que "[l]a prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo". A su vez, el aludido artículo añade que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". Íd.

En armonía con lo anterior, nuestro ordenamiento jurídico reconoce que, a diferencia de la caducidad, la prescripción sí permite interrupción. Existen tres (3) maneras de interrumpir la prescripción, a saber: (1) la presentación de la acción judicial correspondiente, (2) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor, o (3) el reconocimiento de la obligación por parte del deudor. Artículo 1197 del Código Civil (2020), 31 LPRA sec. 9489. Véase, además, *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 496 (2024); *Nevárez Agosto v. United Surety et al.,* 209 DPR 346, 357 (2022). Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo. En ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que establece la Ley. *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020).

En virtud de esa normativa, el Tribunal Supremo de Puerto Rico reitera la finalidad jurídica de esta figura:

> Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba. Íd., pág. 1068.

De tal manera, se promueve que las personas ejerzan sus causas de acción con diligencia, lo que fomenta la estabilidad en las relaciones y el tráfico

jurídico. *SLG Haedo-Castro v. Roldan Morales*, *supra*, pág. 336. A su vez "se evita que el poder público proteja indefinidamente los derechos no reclamados por su titular y se fomenta la estabilidad jurídica de las relaciones y la seguridad en el tráfico jurídico". Íd., pág. 337.

En lo concerniente a las reclamaciones en daños y perjuicios, el Artículo 1204 (a) del Código Civil (2020), *supra*, fija el siguiente término prescriptivo:

> Prescriben, salvo disposición diversa de la ley: (a) por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. 31 LPRA, sec. 9496.

La brevedad de este plazo responde a la inexistencia de una relación jurídica previa entre demandante y demandado. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012); *Culebra Enterprises Corp. v. ELA*, 127 DPR 943, 951-952 (1991) (citando a L. Díez-Picazo, *La prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 239). **Ahora bien, la interpretación jurisprudencial establece que dicho término no comienza a transcurrir cuando se sufre el daño, sino cuando se conocen todos los elementos para incoar la reclamación.** *Saldaña Torres v. Mun. San Juan*, 198 DPR 934, 942 (2017). (Énfasis nuestro). No obstante, le corresponde a la parte demandante ejercer la diligencia de una persona prudente y razonable, de manera que descubra los elementos necesarios para su causa de acción en un tiempo razonable para, así, cumplir con los propósitos de la prescripción. *Vera v. Dr. Bravo,* 161 DPR 308, 330 (2004).

**III.**

En el recurso que nos ocupa, el Consejo de Titulares señala que incidió el Tribunal de Primera Instancia al denegar la solicitud de desestimación. En particular, destaca que la última comunicación extrajudicial que los demandantes le remitieron consta fechada el 7 de julio de 2023. Por tanto, razona que tenían hasta el 7 de julio de 2024 para presentar la acción legal de epígrafe. Puntualiza, también, que la anterior reclamación presentada ante el DACo no tuvo un efecto interruptor, toda vez que los demandantes se limitaron a peticionar la reparación de la tubería. Por lo anterior, solicita la expedición

del auto de *certiorari,* y la revocación del dictamen recurrido debido a que prescribió la presente causa de acción.

En la disposición de este recurso, conviene repasar ciertos aspectos fácticos y procesales. Surge del expediente ante nos que, los demandados-recurridos instaron la reclamación legal presente el 26 de agosto de 2024. Eventualmente, el 31 de agosto de 2024 presentaron una *Demanda Enmendada* en la cual esbozaron las siguientes alegaciones relativas al pleito daños y perjuicios en contra del Consejo de Titulares:

19.Las partes demandantes, posteriormente y a consecuencia de la reparación realizada el 24 de agosto de 2023, durante los meses de lluvia de septiembre de 2023, pudieron comprobar que las filtraciones que ocurrían en su propiedad, los días de lluvia, habían disminuido en algo.

20. La falta de inacción y negligencia y/u omisión de actuar pronta y diligentemente para reparar la tubería comunal en cuestión y al dejar de corregir dichas filtraciones oportunamente, ante los daños reportados por las partes demandantes, por parte del Consejo de Titulares del Condominio Victoria Plaza, conforme les es requerido en Ley y dispone el Reglamento para la Administración y Operación del Condominio Victoria Plaza, les ocasionó daños y perjuicios a las partes demandantes. Los mismos se detallan a continuación.

En esa misma línea, los demandantes-recurridos expusieron en su *Oposición a la Desestimación* los siguientes argumentos en atención a la *Moción en Solicitud de Desestimación* presentada por el Consejo de Titulares:

25.Conforme alegado en la Demanda Enmendada, posterior a la fecha de la reparación de la tubería comunal, durante los meses de septiembre de 2023, durante varios días de lluvias copiosas, las partes demandantes pudieron observar que las filtraciones de agua habían disminuido. Por lo que es durante los días de lluvia del mes de septiembre de 2023, que advienen en conocimiento de la existencia de una relación causal entre la reparación de la tubería comunal y las filtraciones de agua. Por lo que es en esos precisos momentos que advienen en conocimiento de quien es el responsable de los daños reclamados y conocen todos los elementos necesarios para poder ejercitar efectivamente su causa de acción y a quien dirigirla.

26. Tomando en consideración lo anterior, el término prescriptivo para presentar la presente causa de acción no había aún comenzado a transcurrir hasta dicho momento, entiéndase el mes de septiembre del 2023.

Tras examinar tales planteamientos, el foro primario declaró *No Ha Lugar* la desestimación, **en estos momentos**. En lo pertinente, concluyó que en el mes de septiembre de 2023 todavía persistían las filtraciones causantes de los daños y perjuicios, según alegaron los demandantes.

Luego de evaluar con sumo cuidado la relación fáctica y procesal previamente discutida, determinamos que nos corresponde abstenernos de ejercer nuestras facultades discrecionales en el presente caso. Somos conscientes de que nos encontramos ante una *Resolución* denegatoria de una moción dispositiva que como norma general, permite nuestra intervención a tenor con la Regla 52.1 de Procedimiento Civil, *supra*. No obstante, el adecuado ejercicio discrecional nos orienta a no intervenir en el dictamen recurrido de conformidad a los parámetros establecidos por la Regla 40 del Tribunal de Apelaciones, *supra*. Por último, recordemos, pues solamente ostentamos facultad para intervenir en aquellas instancias interlocutorias en las cuales medie una actuación arbitraria o caprichosa, un ejercicio de craso abuso de discreción, o una errónea interpretación o aplicación del derecho por parte del foro primario. Sin embargo, no contemplamos indicios de tales escenarios en este caso. Por tanto, denegamos la expedición del auto de *certiorari.*

## IV.

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones