ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ MIGUEL ESCOBALES GONZÁLEZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>TRIANGLE DEALERS Y OTROS<br><br>Peticionarios | TA2025CE00381 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2023CV00881<br><br>Sala:206<br><br>Sobre: Accidente de Tránsito |
| SAMUEL CRUZ CASTILLO Y NEREIDA CRUZ PACHECO<br><br>Recurridos<br><br>v.<br><br>JOSÉ MIGUEL ESCOBALES MEDINA, LA SOCIEDAD LEGAL DE GANANCIALES Y SU ESPOS[A]<br><br>Peticionarios<br><br>v.<br><br>VPH MOTORS CORP. h/n/c TRIANGLE DEALERS, ET. AL.<br><br>Terceros Demandados | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: PO2024CV02427<br><br>Sala: 604<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de enero de 2026.

Compareció el Sr. José Miguel Escobales Medina (en adelante, el "señor Escobales Medina o peticionario"), mediante recurso de Certiorari presentado el 29 de agosto de 2025. Nos solicitó la revocación de la *Resolución* emitida y notificada por el Tribunal de

Primera Instancia, Sala Superior de Mayagüez (en adelante, "foro primario"), el 31 de julio de 2025. En ese dictamen, el foro primario declaró *No Ha Lugar* a una solicitud de sentencia sumaria parcial presentada por señor Escobales Medina, en la cual solicitó que se desestimara la causa de acción contra la señora Cruz Pacheco y la Sociedad Legal de Gananciales, por haber transcurrido el término prescriptivo de un año.

Por los fundamentos que se expondrán a continuación, se expide el auto solicitado, se revoca la *Resolución* recurrida y se desestima la causa de acción instada en la Demanda de epígrafe en contra de la Sra. Nereida Cruz Pacheco (en adelante "señora Cruz Pacheco) y la Sociedad Legal de Gananciales compuesta por la señora Cruz Pacheco y el Sr. Samuel Cruz Castillo (en adelante, "señor Cruz Castillo") (en conjunto "la parte recurrida").

**-I-**

El 26 de noviembre de 2024, el señor Cruz Castillo, la señora Cruz Pacheco y la Sociedad Legal de Gananciales compuesta por ambos, presentaron una *Demanda Enmendada* sobre daños y perjuicios.[1] En síntesis, alegaron que el 27 de mayo de 2022, a eso de las 2:00 de la tarde en la carretera núm. 2 kilómetro 206.6 del municipio de Guayanilla, Puerto Rico, el señor Escobales Medina alegadamente se encontraba conduciendo de manera negligente y temeraria un vehículo Dodge modelo Ram del año 2016. Agregaron que el vehículo que provocó el accidente constaba a nombre de la Sra. Carmen Torres Cintrón (en adelante, "señora Torres Cintrón). Sin embargo, ésta no fue incluida en la demanda, toda vez que se efectuó una transacción extrajudicial. Por tal incidente, alegaron que el señor Cruz Castillo tuvo que ser transportado en condición grave de salud al Hospital Damas en Ponce y eventualmente

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1, págs. 1-5.

trasladado a Centro Médico de Río Piedras, tras haber sido expulsado del vehículo.

Por otro lado, del pliego surge que por las causas del accidente antes descritas, el 31 de mayo de 2023, el señor Escobales Medina fue hallado culpable bajo la Ley de Vehículos y Tránsito de 2000, Ley Núm. 22 del 7 de enero de 2000, 9 LPRA sec. 5001, *et seq.* (en adelante, "Ley Núm. 22-2000") tras haber hecho una alegación de culpabilidad. Señalaron, que el señor Cruz Castillo recibió un tratamiento suministrado por la Corporación del Fondo del Seguro del Estado (en adelante, CFSE), quienes dieron de alta al señor Cruz Castillo el 13 de octubre de 2023 y que dicha determinación advino final, firme e inapelable. Arguyeron que mediante la comunicación escrita dirigida al señor Cruz Castillo del 28 de febrero de 2024, se había interrumpido el término prescriptivo para reclamar daños.

El 6 de diciembre de 2024, el señor Escobales Medina presentó *Contestación a Demanda.*[2] Allí, alegó que el accidente se debió a un desperfecto de fabricación del vehículo, por lo que perdió el control y no pudo evitar impactar al señor Cruz Castillo. Además, señaló que la parte demandante fue compensada por haber aceptado los términos y condiciones de una póliza de la aseguradora Multinational Insurance Company Inc. Asimismo, el señor Escobales Medina planteó que, según los términos de la referida póliza, era conductor autorizado del vehículo objeto de controversia, por lo que le cobijaba el acuerdo transaccional efectuado con la aseguradora. A su vez, negó que el accidente fue por culpa y negligencia de su parte, pues hizo una alegación de culpabilidad con el fin de facilitar la transacción y para evitar dilaciones que conlleva un juicio en su fondo. Así, solicitó que se declarara *No Ha Lugar* la demanda de epígrafe.

---

[2] *Id.,* entrada núm. 25 págs. 1-4.

Tras varios incidentes procesales, el 6 de febrero de 2025, el señor Escobales Medina presentó *Solicitud de Sentencia Sumaria Parcial por Prescripción*.[3] En su escrito indicó, que el señor Cruz Castillo sostuvo que, por virtud de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 del 18 de abril de 1935, 11 LPRA sec. 1 *et seq.* (en adelante, "Ley Núm. 45-1935") presentó la demanda de epígrafe dentro del término prescriptivo de un año. Sin embargo, el señor Escobales Medina planteó que, al momento de la presentación de la demanda, la causa de acción de la señora Cruz Pacheco y la Sociedad Legal de Gananciales se encontraba prescrita. Ante esto, solicitó que el foro primario que se desestimara la causa de acción contra la señora Cruz Pacheco y la Sociedad Legal de Gananciales, por haber transcurrido el término prescriptivo de un año.

En respuesta, el 25 de febrero de 2025, la parte demandante presentó *Oposición a la Sentencia Sumaria Parcial por Prescripción Presentada por la Parte Demandada*.[4] Argumentaron que habían paralizado su causa de acción a través de misivas extrajudiciales y por la radicación de la presente causa de acción. Por lo que solicitaron, que se denegara la solicitud de sentencia sumaria presentada por el señor Escobales Medina.

Considerado todo lo anterior, el foro primario emitió la *Resolución* recurrida el 31 de julio de 2025. En esta, declaró no ha lugar la solicitud de sentencia sumaria presentada por el señor Escobales Medina. El foro primario estableció las siguientes determinaciones de hecho:

1. El accidente de tránsito ocurrió el día 27 de mayo de 2022.

2. La parte lesionada como producto del accidente lo es el demandante Samuel Cruz Castillo.

---

[3] *Id.,* entrada núm. 25 págs. 1-10.
[4] *Id.,* entrada núm. 46 págs. 1-13.

3. Ese mismo día el demandante Samuel Cruz Castillo comenzó a recibir tratamiento médico.

4. Como consecuencia del accidente el demandante se acogió a los beneficios y tratamientos que provee la Corporación del Fondo del Seguro del Estado (CFSE), a través, de la Ley Núm. 45 de 18 de abril de 1935, según enmendada, también conocida como la Ley del Sistema de Compensaciones por Accidentes del Trabajo.

5. El 24 de octubre de 2022, el señor Samuel Cruz, por conducto de su entonces abogado, remitió una misiva a Multinational Insurance Company en la cual expresó: "[t]an pronto el Sr. Samuel Cruz Castillo termine su tratamiento en la Corporación del Fondo del Seguro del Estado, se estarán reclamando todo y cada uno de los daños físicos y mentales como consecuencia de este accidente".

6. Con fecha del 13 de octubre de 2023, la CFSE otorgó el alta definitiva al demandante, adviniendo final, firme e inapelable tal determinación.

7. El 28 de febrero de 2024, el señor Samuel Cruz, por conducto de su representación legal, cursó una carta de reclamación extrajudicial a Escóbales Medina y a la Sra. Carmen Torres Cintrón, por razón del accidente de tránsito ocurrido el 27 de mayo de 2022.

8. La carta fue enviada como paralización de término prescriptivo en la reclamación que más tarde materializó con Multinational Insurance Company.

**9. En las comunicaciones mencionadas no se hizo alusión alguna a la demandante Nereida Cruz Pacheco ni a la Sociedad de Bienes Gananciales.** (Énfasis suplido).

10. El 2 de marzo de 2024, el Sr. Samuel Cruz, por sí, y por conducto de su representación legal, dirigió una misiva a Multinational Insurance Company en la cual reiteró su intención de reclamar una indemnización por los daños que sufrió a causa del accidente de tránsito en cuestión.

11. El 4 de junio de 2024, el Sr. Samuel Cruz y la Sra. Carmen Torres Cintrón, y su aseguradora, Multinational Insurance Company, suscribieron un Acuerdo y Relevo de Responsabilidad, por la suma total y final de $65,000, por razón de la reclamación relacionada al accidente de tránsito ocurrido el 27 de mayo de 2022.

12. Las comunicaciones previas y el acuerdo y relevo de responsabilidad suscrito fue exclusivamente entre el demandante Samuel Cruz Castillo, Multinational Insurance Company y la Sra. Carmen Torres Cintrón que no es parte de la demanda instada en el caso PO2024CV02427.

**13. Claramente, quedó establecido, que la demandante Nereida Cruz Pacheco es beneficiaria conforme a la Ley Ministerial y el propio texto de la Ley.** (Énfasis suplido).

14. No hay duda de que, con relación a la prescripción, la misma quedo interrumpida con la mera radicación de la Demanda en el caso PO2024CV02427.

**15. Los demandantes para los cuales el término prescriptivo quedó paralizado lo son Samuel Cruz**

**Castillo, Nereida Cruz Pacheco y la Sociedad de Bienes Gananciales.** (Énfasis suplido).

Inconforme, el 29 de agosto de 2025, el señor Escobales Medina acudió a este Tribunal mediante el recurso de epígrafe y apuntaló los siguientes errores:

Erró el TPI al concluir que la esposa del obrero lesionado, Samuel Cruz, es "beneficiaria" al amparo del Art. 29 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, supra, a pesar de que este último no falleció como resultado del accidente de auto.

Erró el TPI al concluir que la presentación de la demanda por el Sr. Samuel Cruz tuvo el efecto de paralizar el término prescriptivo de la causa de acción sus beneficiarios, esposa y sociedad legal de gananciales.

Por su parte, el 14 de octubre de 2025, la parte recurrida presentó *Oposición a Solicitud de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

-II-

A. Sentencia Sumaria

La Regla 36 de las de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 36 instituye el mecanismo de sentencia sumaria a nuestro ordenamiento jurídico. En particular, su función es permitir que cualquiera de las partes pueda mostrar, previo al juicio, que no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Íd.*, R. 36.1-36.2; *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 784-785 (2016).

En ese sentido, la parte promovente de la solicitud debe demostrar la inexistencia de una controversia de hecho material por medio de una moción fundamentada, mientras que la parte promovida debe demostrar que existe controversia de algún hecho

material sobre la totalidad o parte de la causa de acción. *Rodríguez Méndez v. Laser Eye,* supra, pág. 785. Además, la parte promovida no puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar evidencia que demuestre la existencia de controversia sustancial de hechos. *Id.* Sin embargo, ninguna de las partes puede enmendar sus alegaciones a través de la presentación de una sentencia sumaria o su oposición. *León Torres v. Rivera Lebrón,* 204 DPR 20, 47 (2020).

Así pues, para que el tribunal pueda adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia ofrecida, surja que no hay controversia real o sustancial en cuanto a algún hecho esencial y pertinente, y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. 32 LPRA Ap. V, R. 36.3(e).

Los hechos esenciales y pertinentes, también conocidos como hechos materiales, son aquellos que pueden afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Por lo tanto, el tribunal solo podrá dictar sentencia sumaria en los casos en los cuales tenga ante su consideración todos los hechos materiales para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. *Id.*

Conviene destacar que el Tribunal Supremo ha dispuesto que el foro apelativo se encuentra en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia de una solicitud de sentencia sumaria. *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020). *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 115 (2015). Además, el Alto Foro estableció el estándar

específico de revisión que debe utilizar el Tribunal de Apelaciones, a saber: (1) examinar de *novo* el expediente de la manera más favorable a favor de la parte promovida y aplicar las disposiciones de la Regla 36 de las de Procedimiento Civil, *supra* como su jurisprudencia interpretativa; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma instituidos en la Regla 36.4 de las de Procedimiento Civil, *supra;* (3) verificar si en realidad existen hechos materiales en controversia y, de haberlos, exponer concretamente los hechos materiales controvertidos e incontrovertidos, y (4) de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el foro primario aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas,* supra, págs. 117-119. Además, el foro apelativo está limitado en su revisión a lo siguiente:

> *[P]rimero*, s[o]lo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación *exhibit*[*s*], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Segundo*, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Id.*, pág. 114-115.

## B.  Ley del Sistema de Compensaciones por Accidentes del Trabajo

La Constitución de Puerto Rico reconoce en su Artículo II, sección 16, el derecho de todo trabajador de estar protegido contra riesgos sobre su salud o integridad personal en su lugar de trabajo o empleo. A raíz de este mandato, se aprobó la Ley Núm. 45-1935 mejor conocida como la Ley del Sistema de Compensaciones por Accidentes del Trabajo. Este estatuto provee para los obreros y empleados que sufran lesiones, se inutilicen o mueran como consecuencia de accidentes ocurridos en sus trabajos, un remedio

económico y médico para compensar la incapacidad productiva que sobreviene como consecuencia de un accidente o una enfermedad ocupacional. *Arzuaga et als. v. Empresas Brunet et al.*, 211 DPR 803, 810 (2023); *Saldana Torres v. Mun. de San Juan*, 198 DPR 934, 942-943 (2017).  Por otra parte, esta legislación es de carácter remedial y brinda garantías y beneficios a los obreros en el contexto de accidentes y enfermedades ocupacionales que ocurran en su empleo. *Hernández Morales et al. v. C.F.S.E.*, 183 DPR 232, 240 (2011). En lo pertinente, establece un sistema de seguro obligatorio y exclusivo para compensar a aquellos obreros que sufran lesiones, enfermedades o pierdan la vida en el curso de su empleo, por un acto o función inherente a este y como consecuencia de este. *Id.* Igualmente, les brinda a los empleados un remedio de carácter rápido, eficiente y libre de las complejidades de una reclamación ordinaria en daños y perjuicios. *Id.*

En lo concerniente al caso ante nuestra consideración, el Artículo 31 de la Ley 45-1935 dispone sobre el término prescriptivo que tiene un obrero lesionado para incoar una causa de acción en virtud de daños y perjuicios. En específico, el referido artículo reza de la siguiente manera:

> **En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con esta ley, le hubiere provenido bajo las circunstancias que hicieren responsables a tercero** de tal lesión, enfermedad o muerte, el obrero o empleado lesionado **o sus beneficiarios** podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte **dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso** por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:
>
> **Cuando un obrero o empleado lesionado, o sus beneficiarios en caso de muerte, tuvieren derecho de entablar acción por daños contra tercero**, en los casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de esta ley, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo de Seguro del Estado se subrogará en los derechos del obrero empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en

nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria, y cualquier suma que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios con derecho a la misma. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que estableciere el Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

Si el Administrador dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el obrero o empleado, o sus beneficiarios quedaran en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso.

El obrero o empleado lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren contra el tercero responsable de los daños, hasta después de transcurridos noventa días a partir de la fecha en que la resolución del Administrador del Fondo del Seguro del Estado fuere firme y ejecutoria.

[...] *Id.* (Énfasis suplido).

Cónsono con lo anterior, en *Saldaña Torres et al. v. Mun. de San Juan,* supra, pág. 950 nuestro más Alto Foro dispuso lo siguiente:

Un obrero o empleado lesionado tiene un término prescriptivo de un año para instar la causa de acción por daños y perjuicios contra un tercero responsable desde que la resolución del Administrador del Fondo adviene final y firme. No obstante, como señalamos antes, el Administrador de dicha agencia tiene noventa días para ejercer su prerrogativa de instar la acción de subrogación correspondiente. Es luego de ese término y antes de vencerse el año desde la resolución final y firme del Administrador que un obrero empleado lesionado puede instar su causa de acción contra el tercero responsable.

A su vez, cabe destacar la normativa anterior debe guardar conformidad con lo dispuesto en *El Día, Inc. v. Tribunal Superior,* 104 DPR 149, 151 (1975), específicamente:

[c]uando se trata de un accidente del trabajo **en que la persona solamente sufre lesiones, sin mediar muerte dentro del período de tiempo que establece la ley, realmente no existe ni entra en juego problema de identificación de beneficiario**; éste será el propio lesionado.

Colorario de lo expuesto, **el término prescriptivo de un (1) año para iniciar acción de daños contra el causante responsable dispuesto en el Art. 1868 de nuestro Código Civil, 31 LPRA sec. 5292, no queda afectado ni suspendido en cuanto a familiares de un lesionado acogido a tratamiento ante el Fondo del seguro del**

**Estado por no resultar éstos 'beneficiarios'** al amparo de la legislación especial compensatoria, la cual es distinta al régimen de derecho sucesoral general consagrado en nuestro Código Civil. *Tropigas de P.R. v. Tribunal Superior*, 102 DPR 630 (1974). (Énfasis suplido).

## C. Prescripción de las reclamaciones extracontractuales

La prescripción es un modo de extinción de los derechos que finaliza el derecho a ejercer determinada causa de acción. *Cacho González et al. v. Santarrosa et al.,* 203 DPR 215, 228 (2019). En específico, el Artículo 1204 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9496, establece que las reclamaciones de responsabilidad civil extracontractual prescriben por el transcurso de un (1) año. En nuestro ordenamiento, el referido término de prescripción comienza a contarse desde que la persona perjudicada conoció o debió conocer que sufrió un daño, quién se lo causó y los elementos necesarios para ejercitar la causa de acción. *Íd.*; *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012). Lo anterior, se conoce como la *teoría cognoscitiva del daño. Id.*

La prescripción de las causas de acción se interrumpe por: (1) reclamación judicial, administrativa o arbitral, (2) reclamación extrajudicial y (3) reconocimiento de la obligación del deudor. 31 LPRA sec. 9489. Cada uno de estos mecanismos de interrupción tiene distintos requisitos, características y efectos sobre los términos prescriptivos. *Díaz Santiago v. International Textiles*, 195 DPR 862, 868 (2016).

Por un lado, instar una reclamación ante los tribunales "tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial". *Ross Valedon v. Hospital Dr. Susoni Health Community Services, Corp.,* 213 DPR 481, 496 (2024) citando a *Nevárez Agosto v. United Surety et al.,* 209 DPR 346, 357 (2022). Lo mismo aplica a

las reclamaciones ejercidas ante organismos administrativos o arbitrales, debido a que caen bajo la clasificación de reclamación judicial conforme a lo estatuye el Código Civil. 31 LPRA sec. 9489. Véase, Oficina de Servicios Legislativos, Código Civil Año 2020 Comentado, págs. 11231124, https://www.oslpr.org/_files/ugd/ 5be21a_15cd7772b7ca4ecd84035ed394e1e517.pdf (última visita, 9 de mayo de 2025).[5]

En términos generales, la reclamación extrajudicial es aquella manifestación inequívoca por parte del acreedor en la que expresa su voluntad de no perder su derecho. *Cacho González et al. v. Santarrosa et al.,* supra. Tal reclamación puede ser verbal o escrita y no tiene requisito de forma específica para interrumpir el término prescriptivo. *Pereira Suárez v. Jta. Dir. Cond.,* 182 DPR 485, 505 (2011). No obstante, nuestra jurisprudencia ha establecido ciertas exigencias para que la reclamación extrajudicial sea efectiva, a saber: (1) debe ser oportuna; (2) debe presentarla una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo, y (4) debe existir identidad entre el derecho reclamado y el afectado por la prescripción. *Díaz Santiago v. International Textiles*, supra, pág. 870.

**-III-**

En el recurso de epígrafe, el peticionario plantea que el foro primario erró al concluir que la esposa del señor Cruz Castillo es beneficiaria bajo la Ley del Sistema de Compensaciones, pese a que el lesionado no falleció como resultado del accidente. Asimismo, apunta a que erró el foro recurrido al concluir que las causas de

---

[5] En particular, el Artículo 1197 del Código Civil se comentó como sigue: "Este artículo proviene del 1873 del Código Civil de 1930, pero se ha añadido la posibilidad de interrumpir la prescripción no sólo mediante la demanda judicial sino también mediante reclamaciones ante las autoridades administrativas o los árbitros. La nueva redacción tiene, por lo tanto, efecto revocatorio sobre las decisiones del Tribunal Supremo que han resuelto que la reclamación administrativa no interrumpe el término de prescripción."

acción de ésta, así como la de la Sociedad Legal de Gananciales fueron instadas dentro del término prescriptivo. Tiene razón.

Como se conoce, las causas de acción en daños tienen un término prescriptivo de un (1) año a partir del momento en que la persona conoce el daño y la persona que se lo causó. Según surge del expediente, el accidente en cuestión ocurrió el 27 de mayo de 2022. Sin embargo, la parte recurrida presentó su Demanda 26 de noviembre de 2024. Ahora bien, según el foro de instancia, el término prescriptivo de las causas de acción de la señora Cruz Pacheco y la Sociedad Legal de Gananciales fue paralizado en virtud del Artículo 31 de la Ley 45-1935.

El referido Artículo 31 dispone que en los casos en los que la lesión, enfermedad o la muerte provoquen la aprobación del derecho de compensación al obrero o sus beneficiarios, estos podrán reclamarle los daños y perjuicios que sufran al tercero responsable "dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado...". *Id.* Esto es, el Artículo provee para que el término prescriptivo de la acción contra el tercero responsable comience luego de que el obrero fuere atendido por la CFSE y su caso ante esa agencia cuente con una resolución firme.

Ahora bien, el concepto beneficiario en la referida legislación está atado o íntimamente relacionado a la muerte del obrero. Esto es, se refiere a aquellas personas que, según se nombran en esa legislación especial, tienen derecho a ser compensadas en caso de muerte del obrero, toda vez que existe una dependencia económica con el obrero. El propio Artículo 31 de la Ley 45-1935, dispone específicamente que la acepción de beneficiarios se refiere a los casos en que el obrero o empleado hubiese fallecido. Más relevante aun, nuestro más Alto Foro ha expresado que en los casos de accidentes del trabajo en los que el obrero únicamente sufre

lesiones, no aplica el término beneficiarios de la referida legislación. *El Día, Inc. v. Tribunal Superior*, supra, pág. 151. Así pues, de no ocurrir una muerte dentro del periodo de tiempo que establece la ley, no cabe hablar de beneficiario, toda vez que éste será el propio lesionado. *Id.*

De la misma forma, es menester concluir que la suspensión del término prescriptivo para la presentación de una acción judicial en contra del tercero causante de los daños no resulta aplicable a los familiares del trabajador lesionado cuando el accidente laboral únicamente ocasiona lesiones y no conlleva el fallecimiento del obrero. En palabras de nuestro Tribunal Supremo,

> el término de un (1) año para iniciar acción de daños contra el causante responsable... no queda afectado ni suspendido en cuanto a familiares de un lesionado acogido a tratamiento ante el Fondo del Seguro del Estado por no resultar éstos 'beneficiarios' al amparo de la legislación especial compensatoria, la cual es distinta al régimen de derecho sucesoral...

*Id.*, págs. 151-152.

En el presente caso, el señor Cruz Castillo no falleció como consecuencia del accidente, por lo que es evidente que ni su esposa ni la Sociedad Legal de Gananciales son beneficiarios para efectos de la Ley 45-1935. Por consiguiente, el foro recurrido erró al concluir que el término prescriptivo de las causas de acción de la señora Cruz Pacheco, así como la Sociedad Legal de Gananciales, quedó paralizado hasta el 13 de octubre de 2023, fecha en que la CFSE otorgó el alta definitiva al señor Cruz Castillo y su caso advino final y firme. Por el contrario, concluimos que el término prescriptivo de la causa de acción de la señora Cruz Pacheco y de la Sociedad Legal de Gananciales comenzó a transcurrir desde el momento en que ocurrió el accidente, es decir, desde el 27 de mayo de 2022.

Por otro lado, los términos prescriptivos pueden ser interrumpidos mediante una reclamación extrajudicial. 31 LPRA sec. 9489. Sin embargo, para que esta sea efectiva, nuestra

jurisprudencia ha establecido que debe presentarla una persona con legitimación. *Díaz Santiago v. International Textiles*, supra, pág. 870.

De los hechos del presente caso surge, que el señor Cruz Castillo cursó varias misivas de reclamación extrajudicial. Sin embargo, del expediente no surge que la señora Cruz Pacheco y la Sociedad Legal de Gananciales hayan emitido reclamaciones extrajudiciales para interrumpir el término prescriptivo de la reclamación objeto de controversia. De hecho, surge de las propias determinaciones de hechos realizadas por el foro primario en la *Resolución* recurrida, que las reclamaciones extrajudiciales fueron remitidas únicamente a nombre del señor Cruz Castillo, sin incluir a la señora Cruz Pacheco y a la Sociedad Legal de Gananciales.

En fin, es claro que en el presente caso la causa de acción presentada por la señora Cruz Pacheco y la Sociedad Legal de Gananciales prescribió, toda vez que la Demanda de epígrafe fue instada fuera del término prescriptivo y ni la señora Cruz Pacheco ni la Sociedad Legal de Gananciales realizaron reclamaciones extrajudiciales para interrumpir el término prescriptivo de su causa de acción en daños.

Por tanto, concluimos que el foro primario erró al declarar *No Ha Lugar* la solicitud de sentencia sumaria presentada por el señor Escobales Medina, y denegar la desestimación de la causa de acción de la señora Cruz Pacheco y la Sociedad Legal de Gananciales.

**-IV-**

Por los fundamentos previamente expuestos, se **expide** el recurso solicitado y se **revoca** la *Resolución* recurrida. Consecuentemente, se desestiman las causas de acción presentadas en la *Demanda* de epígrafe presentadas por la señora Cruz Pacheco y Sociedad Legal de Gananciales compuesta por el señor Cruz Castillo y la señora Cruz Pacheco.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones